IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOEL SAMUEL PAUL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY
RELIEF AND WRIT OF HABEAS CORPUS**

Now comes Joel Samuel Paul (hereinafter, "Plaintiff" or "Paul"), a federal prisoner at the Terre Haute Federal Bureau of Corrections, Terre Haute, Indiana by an through his attorney, Swaray E. Conteh, the Law Firm of Fatima Johnson, complains of Defendant, The Federal Bureau of Prisons, Terre Haute, Indiana (hereinafter, "Defendant" or "BOP"), as follows:

**INTRODUCTION**

1. This action is being filed, in the midst of a massive global health emergency, on behalf of Plaintiff for injunctive and declaratory relief and writ of habeas corpus and for violation of his equal protection rights under the United States Constitution. In addition, Plaintiff brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, to address Defendant's failure to early release Plaintiff and to otherwise challenge the BOP's early release policy as arbitrary and capricious, and an

1

abuse of discretion, or otherwise not in accordance with law, and without observance of procedures required by law.

2. The Terre Haute Federal Bureau of Corrections is located at 4200 Bureau Road North, Terre Haute, Indiana 47808.  The prison hosts approximately 1,092 inmates in two camps.  It is unclear at this time the number of prisoners who have tested positive or have been diagnosed with COVID-19.  The Center for Disease Control and Prevention ("CDC") and other public health experts have advised that the best method to limit transmission of the virus is to avoid gatherings and practice "social distancing." Health experts recommend a minimum of six feet between people, limited contact, and meticulous personal hygiene.  Despite this guidance and the spreading pandemic, Defendant has forced prisoners at BOP Terre Haute to sleep in close quarters and bunk beds, about three feet apart. The prisoners eat together in crowded dining rooms and share bathrooms.

The CDC guidelines are incorporated in the guidelines published on March 20, 2020, by the American Jail Association.  These guidelines recommend reducing jail populations as soon as possible, including by releasing inmates when at all possible. Defendant has refused to exercise its discretion to provide early release and significantly reduce the population in the facility.  In particular, BOP has purposefully failed to release Plaintiff pursuant to the March 2020 directive while releasing other similarly situated prisoners in violation of Plaintiff's constitutional rights.

3. Congress has granted the Bureau of Prisons discretion to reduce the sentences of inmates who complete a substance abuse treatment program, so long as they are not serving time for violent offenses. See 18 U.S.C. § 3621(e)(2)(B). Using that discretion, the BOP has expanded by regulation the class of prisoners excluded from the sentence-reduction program. See 28 C.F.R. § 550.58. BOP has also developed other criteria to qualify inmates for early release. The BOP has unlawfully excluded the Plaintiff from the sentence reduction established by BOP, and the agency has not articulated a reasonable basis for its decision to deny Plaintiff a sentence reduction and/or early release. *See Alnoubani v. BOP*, 306 Fed. Appx. 309, 2009, WL1022126 (7th Cir. 2009) (citing Section 706(2)(A) of the APA), *Black v. Educ. Credit Mgmt. Corp.*, 459 F.3d 796, 799-800 (7th Cir. 2006); see also *United States v. Sawyer,* 521 F.3d 792, 794-95 (7th Cir. 2008) (suggesting that a claim under the APA may be an appropriate method for appealing the BOP's administration of a prison program).

## JURISDICTION

4. This Court has subject matter jurisdiction over the allegations presented herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (original jurisdiction), 28 U.S.C. §§ 2201-02 (declaratory relief), and 28 U.S.C. § 2241 (habeas jurisdiction), the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. In addition, this Court has subject matter jurisdiction under 42 U.S.C. § 1983 in relation to Defendant's deprivation of Plaintiff's constitutional rights to due process and equal protection rights under the Fifth and Fourteenth Amendments of the U.S. Constitution

as well as Plaintiff's claims under the common law of the State of Indiana from the same events as the federal claims and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts or omissions that give rise to Plaintiffs' claim occurred or will occur in Terre Haute, in the Southern District of Indiana.

## PARTIES

6. Plaintiff is a 48-year-old male currently incarcerated in the Federal Prison Camp in Terre Haute, Indiana. Plaintiff is currently serving a 75-month sentence for immigration fraud, mail fraud, and aggravated identity theft. Plaintiff's tentative release date is July 2023. Plaintiff is a Christian citizen of the United States of Pakistani decent. Plaintiff is frequently and erroneously considered of the Muslim faith by administrators of the BOP and fellow inmates.

7. Defendant is a federal law enforcement agency subdivision of the United States Department of Justice and is responsible for the administration of federal prisons, and certain halfway houses. BOP maintains physical custody of the Plaintiff. Defendant is an agency responsible for ensuring public safety for U.S. citizens. Its mission is to ensure public safety by providing "orderly, safe, secure, and humane environment for the confinement of pretrial detainees and sentenced inmates."

## FACTUAL BACKGROUND

8. Plaintiff is a citizen of the United States but originally from Pakistan.  Plaintiff is a Christian but frequently and erroneously considered of the Muslim faith by administrators and fellow inmates.  Plaintiff suffers from heart disease and diabetes.  Defendant is aware of Plaintiff's medical conditions.

9. As a result of the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act in March 2020.

10. Subsequent to its passage, Attorney General William Barr issued a memorandum to Defendant advising that Defendant should screen inmates for early release to home confinement because of the risk of COVID-19.

11. In response, Defendant implemented a policy in which inmates who had served fifty percent (50%) of their statutory sentence were eligible for early release to home confinement.  Defendant's policy also required that inmates have a minimum patterns recidivism score and not pose a threat to the community.  Finally, Defendant's policy required that inmates not have any disciplinary actions within the previous twelve (12) months.

12. Plaintiff meets all of the required criteria in that he has served 50% of his statutory sentence as of November 5, 2020.

13. On or about May 8, 2020, Defendant added the requirement that inmates must suffer from certain pre-existing medical conditions that put them at a high risk of

having serious complications from COVID-19 in order to be considered for home confinement.

14. Plaintiff has heart disease and diabetes which puts him at a high risk of having serious complications from COVID-19.

15. On or about October 21, 2020, Plaintiff's Case Manager submitted Plaintiff for consideration for home confinement pursuant to Defendant's policy as Plaintiff met all of the necessary criteria for home confinement. However, on October 22, 2020, Defendant denied Plaintiff's request for home confinement without providing a formal reason for the denial.

16. The final determination to deny Plaintiff's request was made by Defendant's staff at the Correctional Programs Division, Central Office, which is the final authority in Defendant's Administrative Remedy Program. As such, Plaintiff has exhausted all administrative remedies prior to filing this cause of action.

17. Defendant has treated similarly situated inmates more favorably than Plaintiff by granting them home confinement. Such similarly situated inmates include, but are not limited to, the following:

a) Edward Boliaux;
b) Chad Ducey;
c) Christopher Leigh;
d) Kevin Williams;
e) Al Gold;
f) Thomas Buck;

g) Robert Haught;

h) Robert All and;

i) Randy Urso

None of these individuals is of Pakistani decent or other foreign decent and all are Caucasian.

18. Given the nature of congregation in detention facilities, there is an increased risk that COVID-19, a highly contagious disease, will spread more quickly in groups of people.  Courts have already recognized that the risk of spreading the virus in jail is "palpable" and overburdens the healthcare resources of the facility and the surrounding community. Given this inherent danger, courts around the country have released people from incarceration due to concerns about COVID-19.

## LEGAL FRAMEWORK

**Plaintiff has a Constitutional Right to Reasonable Safety in Confinement.**

19. The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. Amend. VIII.  The government has an affirmative duty to provide conditions of reasonable health and safety when it detains or incarcerates them. *Brown v. Plata*, 563 U.S. 493, 510-11 (2011).  The reach of the Eighth Amendment includes "exposure of inmates to serious, communicable disease." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). The Eighth Amendment requires that "inmates be furnished with … reasonable safety and the Supreme Court has explicitly recognized that the risk of contracting "serious contagious diseases" may constitute such an "unsafe, life-threatening condition" that it

threatens reasonable safety." *Id.* A potential COVID-19 outbreak poses a substantial risk of serious harm to Plaintiff.

20. Defendant has acted with deliberate indifference to the needs of the Plaintiff, by, *inter alia; i*gnoring conditions that are very likely to cause serious illness such as crowded dining rooms, crowded sleeping quarters, lack of access to cleaning products, and lack of access to products to maintain personal hygiene.

## CAUSES OF ACTION

**COUNT I.  VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FIFTH FOURTEENTH AMENDMENT (42 U.S.C. §1983)**

21. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

22. Plaintiff is a member of a suspect class and was unlawfully discriminated against because of his national origin as a person of Pakistani decent.  Defendant's actions violate the Equal Protection Clause of the Fifth Amendment and Fourteenth Amendments to the extent that Defendant treated similarly situated inmates more favorably than Plaintiff when Defendant granted such similarly situated inmates home confinement.  Plaintiff is similarly situated in all relevant aspects to the individuals identified in paragraph 17 of this Complaint

23. Any proffered reason offered by Defendant for the difference in treatment lacks a rational basis in furtherance of any penological purpose.

24. Nevertheless, Defendant denied Plaintiff's request for early release pursuant to the directives of the Attorney General of the United States but granted the individuals identified in paragraph 17 of this Complaint early release.

25. All of the actions taken by Defendant or those acting on behalf of Defendant and referred to herein, including the refusal to grant early release to Plaintiff were done by Defendant while acting under color or state of law and had the effect of depriving Plaintiff of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

26. Defendant's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

**COUNT II:  VIOLATION OF EIGHT AMENDMENT (42 U.S.C. § 1983)**

27. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

28. Section 1983 provides that every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subject or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution…shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

29. By failing to provide adequate conditions in the midst of a global health pandemic, BOP has violated Plaintiff's Eighth Amendment rights for the same reasons alleged in Claim I.

### COUNT III:  VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

30. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

31. Defendant's early release policy and its policy with regards to home confinement pursuant to the CARES Act is arbitrary and capricious, an abuse of discretion, and contrary to existing law under the APA.  The BOP has unlawfully excluded the Plaintiff from the sentence reduction in that the BOP has not articulated a reasonable basis for its decision to deny Plaintiff a sentence reduction in violation of the APA.

### COUNT IV:  NEGLIGENCE

32. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

33. Defendant through its employees and agents, is well aware of the danger of COVID-19.

34. BOP owes a duty of care to Plaintiff and breached that duty by failing to respond to the danger of COVID-19 by providing adequate conditions for Plaintiff.

35. BOP's breach has caused the plaintiff harm by exposing Plaintiff to a serious risk of great harm and death.

### PRAYER FOR RELIEF

Plaintiff therefore respectfully requests that this Court grant the following relief:

A.  Issue a declaration that the conditions to which Plaintiff is subjected at BOP places Plaintiff at an unreasonable risk of contracting serious illness.

B.  Issue an injunction requiring that Defendant address the inadequate conditions at BOP.  The injunction should require:

Defendant promptly release plaintiff pursuant to BOP's early release program.

C.  Issue a Writ of Habeas Corpus and order the immediate release of Plaintiff,

D.  In the alternative, issue injunctive relief ordering Defendant to immediately release Plaintiff, with appropriate precautionary public health measures, on the grounds that his continued detention violates his constitutional rights.

E.  Award Plaintiff his costs and reasonable attorneys' fees in this action under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, and on any other basis justified under law; and

F.  Grant any and all other such relief that this Court deems just and equitable.

Respectfully submitted,

*/s/ Swaray E. Conteh*
Swaray E. Conteh (Ind. Bar # 18586-49)
The Law Firm of Fatima Johnson
contehlaw@att.net
3737 North Meridian Street, Suite 108
Indianapolis, Indiana 46208