UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOEL SAMUEL PAUL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00613-JPH-MJD |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**ENTRY SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Joel Paul is an inmate at the Federal Prison Camp in Terre Haute, Indiana. Because Mr. Paul is a "prisoner," the Court must screen his complaint, dkt. 1. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II. The Complaint**

Mr. Paul alleges that certain medical conditions place him at heightened risk of experiencing serious complications if he becomes infected with COVID-19. Dkt. 1 at 6. He applied to be released to home confinement as part of a program implemented at the direction of the

1

U.S. Attorney General. Mr. Paul states that he meets all requirements for the program and that his conditions make him similarly situated to several other inmates who were granted release—but he is of a different race and religion from these inmates. *Id.* The U.S. Bureau of Prisons (BOP) denied his application without any explanation. *Id.*

### III. Discussion of Claims

The action **shall proceed** with a claim for injunctive relief against the BOP pursuant to the Administrative Procedure Act. This claim shall be based on the theory that the BOP's denial of Mr. Paul's application was arbitrary and capricious or contrary to law.

Claims based on 42 U.S.C. § 1983 are **dismissed** for **failure to state a claim** upon which relief may be granted. Section 1983 "entitles an injured person to money damages if a *state official* violates his or her constitutional rights." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) (emphasis added). "Congress did not create an analogous statute for federal officials." *Id.* Mr. Paul does not allege that he was wronged by a "person," much less a person acting under state—as opposed to federal—authority. *See* 42 U.S.C. § 1983.

Mr. Paul's negligence claim is also **dismissed** for **failure to state a claim** upon which relief may be granted. Negligence claims based on acts or omissions of the United States and its employees must be resolved through the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 2672, 2679(b)(1). "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize [FTCA] suits against such federal agency . . . ."). Mr. Paul's complaint neither asserts an FTCA claim nor names the United States as a defendant.

## IV. Conclusion

The action **shall proceed** with the APA claim identified in Part III. All other claims are **dismissed** for **failure to state a claim** upon which relief may be granted. This order does not preclude the plaintiff from amending his complaint or the defendant from filing a motion to dismiss any claim. This order also does not preclude the plaintiff from filing a motion for compassionate release under the First Step Act in his criminal case. The plaintiff shall issue process to the defendant in accordance with Federal Rule of Civil Procedure 4(i)(2).

**SO ORDERED.**

Date: 12/14/2020

                                                     James Patrick Hanlon
                                                     United States District Judge
                                                     Southern District of Indiana

Distribution:

Swaray Edward Conteh
THE FIRM OF FATIMA JOHNSON
contehlaw@att.net

3